UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

WILFREDO BARRIOS, )
 )
         Plaintiff, )
  vs. ) No. 2:10-cv-243-WTL-DML
 )
JULIE BEIGHLEY, )
  Medical Administrator, et al., )
 )
         Defendants. )

**Entry Discussing Complaint, Dismissing Specified
Claims, and Directing Further Proceedings**

Wilfredo Barrios is a federal inmate confined in this District. He alleges in his complaint that he has been denied constitutionally adequate medical care. His complaint is brought pursuant to the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 38 (1971).

**I.**

Barrios' complaint is subject to screening pursuant to 28 U.S.C. § 1915A(b). This statute requires that any complaint submitted by a prisoner, or any claim within such a complaint, be dismissed if the complaint or the claim fails to state a claim upon which relief can be granted. Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

Having conducted the screening referenced above, the claims against Warden Marberry are **dismissed** because there is no sufficient allegation of personal involvement by this defendant. *See Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1948 (2009)( "Because vicarious liability is inapplicable to *Bivens*. . . suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."), In addition, the official capacity claim against each defendant is **dismissed** because any such claim would be barred by the United States' sovereign immunity. *Del Raine v. Williford,* 32 F.3d 1024, 1047 (7th Cir. 1994); *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985).

## II.

No partial final judgment shall issue at this time as to the claims resolved in Part I of this Entry.

Claims against Dr. Thomas Webster and Medical Administrator Julie Beighley in their individual capacities shall **proceed.** The clerk is designated, pursuant to *Fed. R. Civ. P.* 4(c)(3), to issue process to these defendants. Process shall consist of a summons. Because the plaintiff is proceeding under the theory recognized in *Bivens,* **personal service is required.** *Robinson v. Turner,* 15 F.3d 82 (7th Cir. 1994). The Marshal for this District or his Deputy shall serve the summons, together with a copy of the complaint, filed on September 7, 2010, and a copy of this Entry, on the defendants and on the officials designated pursuant to *Fed. R. Civ. P.* 4(i)(2) and 4(i)(3), at the expense of the United States.

**IT IS SO ORDERED.**

Date: 11/15/2010

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

WILFREDO BARRIOS
21080-112
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

United States Marshal
46 East Ohio Street
179 U.S. Courthouse
Indianapolis, IN 46204