# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| WILFREDO BARRIOS, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 2:10-cv-243-WTL-WGH |
| | ) | |
| JULIE BEIGHLEY, | ) | |
| Medical Administrator, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### Entry Denying Plaintiff's Motion for Summary Judgment

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Pursuant to Rule 56(c)(4) of the *Federal Rules of Civil Procedure,* "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

Here, the plaintiff seeks resolution of his Eighth Amendment claim through the entry of summary judgment, but the materials supporting the motion are rife with hearsay, are unauthenticated documents, and are materials which do not meet that standard of Rule 54(c)(4). *Bombard v. Fort Wayne Newspapers, Inc.,* 92 F.3d 560, 562 (7th Cir. 1996) ("a party may not rely upon inadmissible hearsay in an affidavit or deposition to oppose a motion for summary judgment."); *Pfeil v. Rogers,* 757 F.2d 850, 862 (7th Cir. 1985) (affidavit testimony containing legal argument, unsupported suspicions and hearsay should be disregarded). Materials which do not comply with the standard of Rule 56(e) are disregarded. *Ziliak v. AstraZeneca LP,* 324 F.3d 518, 520 (7th Cir. 2003)( [A] party's failure to comply with summary judgment evidentiary requirements is traditionally remedied . . . by excluding the non-conforming submission and deeming the opposing party's proposed findings of fact admitted and then determining whether those facts entitle the moving party to judgment as a matter of law). Expressions of an affiant's opinion or his legal conclusion "are totally

ineffectual, and are not to be given any consideration or weight whatsoever." *G.D. Searle & Co. v. Chas. Pfizer & Co., Inc.,* 231 F.2d 316, 318 (7th Cir. 1956); *see also Lujan v. National Wildlife Federation,* 497 U.S. 871, 888 (1990) ("The object of [Rule 56(e)] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit.").

Once the inadequate supporting materials are disregarded, the plaintiff has failed in his initial burden of demonstrating that there is no genuine dispute as to any material fact and he is entitled to judgment as a matter of law. Accordingly, the plaintiff's motion for summary judgment [23] is **denied.**

**IT IS SO ORDERED.**

**Date:** 02/10/2012

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Distribution:**

**Thomas E. Kieper**
**UNITED STATES ATTORNEY'S OFFICE**
tom.kieper@usdoj.gov

Wilfredo Barrios
No. 21080-112
McKean – FCI
P.O. Box 8000
Bradford, PA 16701